UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM CLAY,

    Plaintiff,

v.                                        Case No:   2:16-cv-397-FtM-38MRM

CARIRE MED OWENS, RUTH
MCARTHY and LEN JOHNSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    On May 23, 2016, Plaintiff William Clay filed a Complaint (Doc. 1) against Carire Med Owens, Ruth Mccarthy [sic], and Len Johnson.  The Complaint (Doc. 1) is comprised of the following statement plus exhibits:  "Persons of interest are in collusion to deprive and violate Mr. Clays [sic] constittutional [sic] rights by using double jeopardy and denial as tactics to all plaintiff's amended rights." (Doc. 1).  In addition to the Complaint (Doc. 1), Plaintiff filed an Affidavit of Indigency (Doc. 2) requesting leave to proceeding without the prepayment of fees and costs.

    Upon review of the Affidavit of Indigency, the Court entered an Order (Doc. 4) on May 31, 2016, requiring Plaintiff to complete and file another Affidavit of Indigency with his notarized signature.  (Doc. 4 at 1).  The Court allowed Plaintiff twenty-one (21) days from the date of the Order to provide this document.  The docket reflects that Plaintiff failed to comply with this Order.

In the May 31 Order, the Court explained that when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915.  A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325.

When proceeding *pro se*, a party is held to a less stringent standard than a litigant represented by counsel.  *See Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1]  Nevertheless, a party still must comply with the Federal Rules of Civil Procedure.  *Id*.  Upon consideration of the Complaint (Doc. 1), the Court previously determined that Plaintiff's Complaint failed to comply with Fed. R. Civ. P. 8.  Plaintiff failed to provide a "short and plain statement" of the grounds for jurisdiction and of the claim showing Plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(1)-(2).  Further, Plaintiff failed to include a demand for relief.  *See* Fed. R. Civ. P. 8(3).  Moreover, Plaintiff failed to state how each of the named Defendants are involved in the alleged claim or claims.  Accordingly, the Court required Plaintiff to file an Amended Complaint within twenty-one (21) days from the date of the Order.  Upon review of the docket, the Court finds Plaintiff failed to file an Amended Complaint.

After the twenty-one (21) day period passed, the Court entered an Order (Doc. 5) on July 7, 2016, requiring Plaintiff to comply with the prior May 31 Order and to show good cause why this action should not be dismissed for want of prosecution.  (Doc. 5 at 1-2).  The Court

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

explained that pursuant to Local Rule 3.10, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. R. 3.10.  The Court cautioned Plaintiff that by not complying with the May 31 Order, Plaintiff was failing to prosecute this action.  Plaintiff failed to comply with the July 7 Order (Doc. 5).

Plaintiff has failed to comply with two prior Orders (Docs. 4 and 5) of the Court. Plaintiff failed to file a new Affidavit of Indigency and an Amended Complaint as was required in these prior Orders.  The Court cautioned Plaintiff that if he failed to comply with these Orders and failed to show good cause, this action may be dismissed.

**IT IS RESPECTFULLY RECOMMENDED:**

This action be dismissed for failure to comply with prior Orders of the Court, failure to prosecute, and for failure to show good cause why this action should not be dismissed.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 2, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties